UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNIE ALDERSON, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>REDWOOD COAST MEDICAL SERVICES, INC., *et al.*,<br><br>Defendants. | Case No. 13-cv-04663-SI<br><br>Related Case No. 14-cv-03564-SI<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO SET ASIDE JUDGMENT AND TO ADD DOE DEFENDANTS**<br><br>Re: Dkt. No. 26 |

Plaintiffs' Motion for Order Setting Aside Judgment of Dismissal and Adding Doe Defendants Pursuant to FRCP 60(b) is scheduled for a hearing on November 21, 2014. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES the motion.

**BACKGROUND**

Plaintiffs Jeannie Alderson and William R. Brown have filed two tort actions alleging negligence/medical malpractice and loss of consortium against Redwood Coast Medical Services, Inc. and Does 1-250. Those two actions are Case No. 13-cv-04663-SI (the "2013 action") and Case No. 14-cv-03564-SI (the "2014 action").

Plaintiffs filed the 2013 action in Mendocino County Superior Court on May 22, 2013. On October 8, 2013, the United States removed that case to this court pursuant to 28 U.S.C. §§ 1441(a), 1441(c) and 1442(a)(1) because Redwood Coast Medical Services is a federally supported health center deemed a Public Health Service "employee." Under the Federally

1  Supported Health Centers Assistance Act ("FSHCAA"), the Federal Tort Claim Act ("FTCA") is
2  the exclusive remedy for lawsuits against a federally supported health center deemed a Public
3  Health Service "employee."  42 U.S.C.A. § 233(g).  On November 18, 2013, the United States
4  moved to dismiss the 2013 action for lack of jurisdiction on the ground that plaintiffs had failed to
5  exhaust their required administrative remedies under the FTCA.  Plaintiffs failed to oppose
6  defendant's motion, and the Court dismissed the case without prejudice for failure to prosecute.
7  On February 25, 2014, the Court entered judgment against plaintiffs.

8  Plaintiffs subsequently pursued their administrative remedies, and on July 31, 2014, Health
9  and Human Services denied plaintiffs' claims.  Plaintiff's counsel states that the claim was denied
10 because the federal government had questions regarding whether Redwood Coast Medical
11 Services was the source of the sponge that was left in plaintiff Alderson's body.

12 On August 7, 2014, plaintiffs filed their second lawsuit against Redwood Coast Medical
13 Services in this Court, Case No. 14-cv-03564-SI.  Plaintiffs' second complaint alleges that
14 plaintiffs have exhausted their administrative remedies and asserts the same claims set forth in the
15 2013 complaint.  On October 9, 2014, plaintiffs moved to set aside the judgment in the 2013
16 action in order to add additional defendants who are not connected with Redwood Coast Medical
17 Services, and avoid possible statute of limitations issues that may arise in the 2014 action.  The
18 United States filed an opposition to the motion, and plaintiffs, through their counsel, informed the
19 Court that they would not file a reply.

**DISCUSSION**

Prior to filing an action under the FTCA, plaintiffs were required to exhaust their administrative remedies. *See* 28 U.S.C. § 2675(a).  "The requirement of an administrative claim is jurisdictional" and "must be strictly adhered to." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011); *see also Vacek v. U.S. Postal Serv*., 447 F.3d 1248, 1250 (9th Cir. 2006).  An action that is filed before the administrative exhaustion requirement has been satisfied must be dismissed. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.

United States District Court
Northern District of California

1 Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit."); *Nero v. Ives*, No. 14-cv-00859 BRO, 2014 WL 3347529, at *6 (C.D. Cal. May 27, 2014) ("When a civil action is filed before the FTCA administrative claim has been denied, the court has no jurisdiction and the claim must be dismissed. Lack of subject matter jurisdiction cannot be cured by amending a defective complaint.") (citation omitted); *Galvan v. Brock*, No. 11-cv-02079 AWI MJS, 2012 WL 4863068, at *5 (E.D. Cal. Oct. 11, 2012) ("Because § 2675(a) requires that an administrative claim be finalized at the time the complaint is filed, this court lacks subject matter jurisdiction over the present action against the United States, which was filed before the administrative exhaustion period had expired. This jurisdictional defect cannot be cured by amendment, and instead Plaintiffs must file a new action.").

For these reasons, the Court cannot set aside the judgment in the 2013 action and reopen plaintiffs' FTCA claims against the United States. The Court had no jurisdiction over plaintiffs' FTCA claims in the 2013 action, and plaintiffs' subsequent exhaustion of their administrative remedies cannot cure that lack of jurisdiction. *See, e.g., McNeil*, 508 U.S. at 112; *Nero*, 2014 WL 3347529, at *6. If plaintiffs wish to add new defendants, they must attempt to do so in the 2014 action over which this Court has jurisdiction.

**IT IS SO ORDERED**.

Dated: November 18, 2014

SUSAN ILLSTON
United States District Judge